FREDERICK W. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 27139-88
United States Tax Court
T.C. Memo 1990-553; 1990 Tax Ct. Memo LEXIS 625; 60 T.C.M. (CCH) 1077; T.C.M. (RIA) 90553; October 24, 1990, Filed *625 Decision will be entered for the respondent. Charles W. Tullis, for the petitioner. Donna Mayfield Palmer, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1983 in the amount of $ 4,947. The issues are (1) whether petitioner is entitled to a casualty deduction in the amount *627 of $ 21,772 resulting from hurricane damage to 40 trees on his property; and, (2) whether petitioner is entitled to deduct away from home meal expenses in the amount of $ 6,180. Some of the facts were stipulated and they are so found. Petitioner maintained his residence in Cleveland, Texas at the time the petition herein was filed. Casualty loss
Petitioner owned 6.947 acres of land in Liberty County, Texas. The property was heavily wooded and included a house and a few auxiliary buildings. On or about August 18, 1983, a hurricane struck the Liberty County area, causing damage to petitioner's property. The damage to the house was minimal and was covered by insurance. Petitioner did not claim a casualty loss deduction with respect to the house and other improvements. However, he claimed a casualty loss deduction of $ 21,772 (after allowing for the $ 100 and the percentage of adjusted gross income statutory limitations) attributable to the loss of approximately 40 trees on the property. Petitioner argues that the loss of the trees caused the fair market value of his property to decline by approximately $ 25,000. Respondent disallowed the casualty loss deduction in full. *628 Section 165(a) allows as a deduction any loss sustained during the tax year and not compensated for by insurance or otherwise. In the case of an individual, the losses are limited to certain categories. Section 165(c)(3) allows an individual to take a deduction for "losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." The regulations permit the taxpayer to use either of two methods in determining the amount of a casualty loss: (1) the decrease in fair market value resulting from the casualty, or (2) the cost of repairs. Section 1.165-7(a)(2)(i) and (ii), Income Tax Regs. With respect to the first method of valuation, the regulations provide: In determining the amount of loss deductible under this section, the fair market value of the property immediately before and immediately after the casualty shall generally be ascertained by competent appraisal. This appraisal must recognize the effects of any general market decline affecting undamaged as well as damaged property which may occur simultaneously with the casualty, in order that any *629 deduction under this section shall be limited to the actual loss resulting from damage to the property. Section 1.165-7(a)(2)(i), Income Tax Regulations. [Emphasis added.]
Petitioner has the burden of proof. Rule 142(a). Petitioner estimated that there were 150 to 200 trees on the property before the hurricane and that approximately 40 of them were lost. Neither petitioner's testimony nor the real estate agent's appraisal convinces us that the loss of 40 trees caused the fair market value of the property to decline by approximately $ 25,000. The appraisal is conclusory in nature. No evidence was presented regarding the basis for the appraisal which is couched in general terms. The real estate agent who prepared the appraisal did not testify and consequently we are unable to determine the weight attributed to any factors which may have been considered in making the before and after appraisals of the property. The perfunctory appraisal of the property at about $ 150,000 before the hurricane is unexplained. We are therefore unable to verify the propriety of the methods or information employed by the real estate agent to make such appraisal. Accordingly, we give little *630 weight to the appraised value before the casualty. The unsupported conclusion reached in the appraisal that the loss of the trees caused a general market decline in the value per acre of the property is unreliable and tantamount to pure speculation. Moreover, the property was still heavily wooded after the hurricane and there is nothing whatever in the record to suggest that a willing buyer would pay some $ 25,000 less for the property because approximately 40 trees were removed. On this record, we do not believe that the appraisal here was competent to show the decline, if any, in the fair market value of the property attributable to the loss of trees. See section 1.165-7(a)(2)(i), Income Tax Regs.; Taylor v. Commissioner, T.C. Memo. 1979-261; Black v. Commissioner, T.C. Memo. 1977-337. As indicated above, the cost of repairs needed to restore the property is acceptable as evidence of the loss of value. Section 1.165-7(a)(2)(ii), Income Tax Regs. The regulation contemplates actual repairs and expenditures. Lamphere v. Commissioner, 70 T.C. 391, 396 (1978).In Farber v. Commissioner, 57 T.C. 714, 719 (1972), *631 we specifically rejected the use of estimates as unpersuasive. Although petitioner testified that he and his son gradually removed the damaged trees from the property and cleaned up the damage, there is no persuasive evidence whatever of the cost actually incurred. It may be that a person acquiring the property from petitioner with fallen or damaged trees would expect to remove such trees from the property and hence would reduce any offering price by the expected cost of the clearing operation. See Cristo v. Commissioner, T.C. Memo. 1982-514.This would constitute a reduction in fair market value measured by the estimated labors of petitioner and his son in clearing the property. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).However, on this unsatisfactory record, we are unable to find that the estimated cost of petitioner's labors in clearing the land would exceed the limitation on casualty losses of 10 percent of the adjusted gross income of the petitioner which in this instance would amount to $ 3,137. Section 165(h)(1)(B). We must therefore conclude on this record that petitioner has failed to establish that he is entitled to a casualty *632 loss deduction in 1983 under the provisions of section 165(c)(3). Respondent is sustained. Petitioner was employed as a long distance truck driver by United Transport in 1983. He claimed a deduction under section 162(a)(2) for his meal expenses away from home in the amount of $ 6,180. Respondent, in the exercise of administrative discretion, allowed a deduction for meal expenses of $ 14 per day for 248 days (or a total of $ 3,472) while petitioner was away from home and disallowed the balance claimed. See Rev. Proc. 83-71, 1983-2 C.B. 590. Section 162(a)(2) allows a deduction for traveling expenses, including meals and lodging, incurred while away from home in pursuit of a trade or business. Section 274(d) provides that no deductions under section 162 for such traveling expenses shall be allowed unless the expenses are substantiated by records or sufficient evidence corroborating the taxpayer's statement of the amount, time, place and business purpose of the expense. To meet the "adequate records" substantiation requirements of section 274(d) a taxpayer must maintain an account book, diary, statement of expense or similar record, and documentary evidence, which, *633 in combination, are sufficient to establish each item of expenditure. 1.274-5(c)(2)(i) and (ii), Income Tax Regs.
The parties agree that petitioner was away from home for 248 days in 1983. Petitioner kept no receipts or contemporaneous records to substantiate his meal expenses while away from home in 1983. Logbooks kept by petitioner do not satisfy the substantiation requirements of section 274(d). Petitioner argues that he is entitled to a deduction of $ 25 per day without any further substantiation. Petitioner misconstrues the applicable regulations. See section 1.274-5(c)(2)(iii)(b), Income Tax Regs. The regulations relieving a taxpayer of the necessity for obtaining receipts for expenditures (except for lodging) of less than $ 25 do not dispense with the statutory record-keeping requirements for expenditures of less than $ 25. See Hollesen v. Commissioner, T.C. Memo. 1979-269; Silverton v. Commissioner, T.C. Memo. 1978-22.Petitioner admittedly failed to meet the record-keeping requirements under section 274(d). Consequently, on this record we must sustain respondent's determination on this issue. Decision will be entered for the respondent. *634 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩